[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10469
Non-Argument Calendar

_____

Agency No. A097-192-099

FNU MULYADI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 10, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Fnu Mulyadi, a native and citizen of Indonesia who was ordered removed

from the United States in 2009, petitions for review of the Board of Immigration

Appeal's ("BIA") denial of his third motion to reopen removal proceedings. Mulyadi, who acknowledges that his motion to reopen was both number and time-barred, argues that the BIA should have granted his motion pursuant to an exception to those bars because conditions for Christians of Chinese ethnicity in Indonesia have materially changed since he was ordered removed in 2009. Specifically, Mulyadi contends that radical Islam is on the rise in Indonesia, and, as a result, Christians of Chinese ethnicity in Indonesia face violence and other forms of abuse. After thorough review, we deny the petition.

We review the denial of a motion to reopen an immigration petition for abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id. The moving party bears a heavy burden, Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006) (per curiam), since motions to reopen are disfavored, especially in removal proceedings. INS v. Doherty, 502 U.S. 314, 323 (1992); Jiang, 568 F.3d at 1256.

A party may only file one motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). That motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). A "motion to reopen shall be filed within 90 days of the date of entry of a final

2

administrative order of removal," subject to certain exceptions.  8 U.S.C. § 1229a(c)(7)(C)(i).  However, the time and number limitations do not apply if the motion to reopen is "based on changed circumstances arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii).  We've held that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

Here, Mulyadi cannot demonstrate that the BIA acted arbitrarily or capriciously when it denied his untimely, number-barred, third motion to reopen, because Mulyadi has failed to show that country conditions with respect to Christians of Chinese ethnicity residing in Indonesia have materially changed since his 2009 order of removal.  8 U.S.C. § 1229a(c)(7)(C)(ii).  As the record reveals, the BIA considered the new information submitted by Mulyadi, compared it with that which Mulyadi had submitted during his 2009 removal proceedings and in his prior two motions to reopen, and came to a reasonable conclusion that the relevant country conditions had not materially changed since he was ordered removed in

3

2009.  For example, while Mulyadi submitted reports regarding one attempted and one completed terrorist attack in Jakarta, Indonesia in 2016, the information he submitted in previous proceedings showed that very similar attacks had previously occurred.  Moreover, as the BIA noted, none of those reports indicated that those terrorist attacks were directed at Christians of Chinese ethnicity.  Additionally, although Mulyadi submitted evidence regarding the recent imposition of Sharia law to non-Muslims in Indonesia's Aceh province, the BIA appropriately declined to consider those circumstances as being material.  Indeed, Mulyadi was not from that province, nor did he show that he would be required to relocate there upon his return to Indonesia.

In short, the evidence Mulyadi submitted along with his third motion to reopen showed that circumstances for Christians of Chinese ethnicity residing in Indonesia have not materially changed since he was ordered removed from the United States in 2009.  Therefore, the BIA did not abuse its discretion in denying his untimely, number-barred, third motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii); Al Najjar, 257 F.3d at 1302.

**PETITION DENIED.**

4